UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARYL ROGERS,

               Plaintiff,

v.

SGT. HOWARD, et al.,

               Defendants.

Case No: 3:23-cv-5806-TLF-BJR

REPORT AND RECOMMENDATION

NOTED FOR SEPTEMBER 9, 2024

This matter comes before the Court on Plaintiff Daryl Rogers' proposed civil rights complaint. Dkt. 1-2. Plaintiff's case was removed from Grays Harbor County Superior Court. Dkt. 1. For the following reasons, the Court recommends dismissing Plaintiff's complaint.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989).

"Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Goods v.*

REPORT AND RECOMMENDATION - 1

*Wasco State Prison*, No. 119CV01318JLTPC, 2019 WL 4670217, at *1 (E.D. Cal. Sept. 25, 2019); *see, e.g., Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993). "Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative." *Goods*, 2019 WL 4670217, at *1; *see also, Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks and citation omitted)).

District courts retain broad discretion to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." *Adams v. Calif. Dep't of Health Services,* 487 F.3d 684, 688 (9th Cir.2007) (citation omitted). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action." *Id.; see also M.M. v. Lafayette Sch. Dist.,* 681 F.3d 1082, 1091 (9th Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims"). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams*, 487 F.3d at 692–94.

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co.,*

*Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

### 1. Duplicative Complaints

Plaintiff, who is proceeding *pro se*, currently has two matters pending in this District, and one dismissed matter, in which he attempts to assert essentially identical claims against various defendants based on a 2018 neck injury.

On January 4, 2021, Plaintiff Daryl Rogers filed a civil rights complaint under 3:21-cv-05011-BJR-TLF alleging his rights under the First Amendment and the Americans with Disabilities Act (ADA) and Rehabilitation Act of 1973 were violated by the actions of various defendants employed by the Stafford Creek Corrections Center (SCCC), Washington Department of Corrections (WDOC) and the State of Washington. See *Daryl Rogers v. Washington Department of Corrections, et al.*, 3:21-cv-05011-BJR-TLF; Dkt. 1., Plaintiff alleged defendants failed to accommodate his needs after his neck injury in 2018. *Id*. On July 12, 2024, the court granted defendants' motion for summary judgment and dismissed the case with prejudice. Dkt. 145.

On April 28, 2021, plaintiff submitted a civil rights complaint under 3:21-cv-05311-BJR alleging his rights under the First Amendment and the ADA and Rehabilitation Act of 1973 were violated by the actions of various defendants employed by the SCCC, WDOC and the State of Washington. See *Daryl Rogers v. Howard, et al.*, 3:21-cv-05311-BJR, Dkt. 1-1. Plaintiff alleged that the defendants failed to provide special accommodations because they were delayed in giving plaintiff a wheelchair which he needed for back support to recover from the 2018 neck injury. *Id*. As a result, plaintiff allegedly suffered a fall in 2020 due to not having a wheelchair. *Id*. Plaintiff also alleged that prison infractions were improperly imposed on him. *Id*. On April 17, 2023, the undersigned recommended granting defendants' summary judgment and dismissing plaintiff's complaint with prejudice. Dkt. 107. The Report and Recommendation is pending before the District Judge.

On September 8, 2023, plaintiff filed this civil rights complaint under 3:23-cv-05806-BJR-TLF alleging his rights under the Eighth Amendment, First Amendment, and the ADA and Rehabilitation Act of 1973 were violated by the actions of various defendants employed by the SCCC, WDOC and the State of Washington. See *Daryl Rogers v. Howard, et al.*, 3:23-cv-05806-BJR-TLF, Dkt. 1-2. Specifically, plaintiff's complaint alleges that he received retaliatory treatment and was targeted by multiple DOC and SCCC staff members due to filing written grievances for his neck pain. *Id*. Plaintiff wore a neck brace for his neck injury for two years which resulted in pain in his neck and along his entire spine. *Id*. On September 15, 2023, a notice was filed informing the Court that the matter was related to two other pending matters before the

U.S. District Court (3:21-cv-05311-BJR and 3:21-cv-05011-BJR-TLF). Dkt. 5. Defendants have not filed an answer.

Plaintiff's complaint in this case contains the same factual allegations, seeks similar relief, and alleges the same constitutional violations as asserted in the earlier cases, one of which is currently pending before District Judge Barbara Rothstein. Plaintiff's complaint names two new defendants: Unidentified Assistant Chief Medical Officer and Unidentified Chief Medical Officer. Dkt. 1-2. Plaintiff's claims against defendants are integrally related to his claims against the defendants named in the two earlier actions. Res judicata applies to plaintiff's complaint if they previously filed a complaint in federal district court against the same defendants, based on the same incidents, and raised the same claims, which were previously dismissed. *Horne v. U.S. Postal Serv.*, 52 F.3d 333 (9th Cir. 1995).

Accordingly, this case should be dismissed without prejudice as duplicative of *Daryl Rogers v. Washington Department of Corrections, et al.*, 3:21-cv-05011-BJR-TLF and *Daryl Rogers v. Howard, et al.*, 3:21-cv-05311-BJR.

## CONCLUSION

Based on the foregoing discussion, the Court recommends that plaintiff's complaint be dismissed as duplicative.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations

omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on September 9, 2024, as noted in the caption.

Dated this 23rd day of August, 2024.

Theresa L. Fricke
United States Magistrate Judge