The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARYL ROGERS,

    Plaintiff,

v.

SGT. HOWARD, *et al.*,

    Defendants.

Case No. 3:23-cv-5806-TLF-BJR

**ORDER GRANTING MOTION TO ALTER OR AMEND THE JUDGMENT**

## I.    INTRODUCTION

This matter comes before the Court on Plaintiff Daryl Rogers's Motion to Alter or Amend the Court's Order adopting the Report and Recommendation ("R&R") of Magistrate Judge Theresa L. Fricke. Having reviewed the motion, the relevant case law, and the record of the case, this Court will grant the motion.

## II.    BACKGROUND

Plaintiff initiated this action by filing a complaint in Grays Harbor Superior Court. Compl., Dkt. No. 1-2. Plaintiff asserted claims under both federal and state law. *Id.* Defendants removed the case to this Court. Not. of Removal, Dkt. No. 1. Magistrate Judge Fricke issued an R&R that recommended dismissal of Plaintiff's complaint as duplicative of *Daryl Rogers v. Washington Department of Corrections, et al.*, 3:21-cv-05011-BJR-TLF and *Daryl Rogers v. Howard, et al.*,

ORDER GRANTING MOTION TO ALTER OR AMEND THE JUDGMENT

- 1

3:21-cv-05311-BJR. R&R at 5, Dkt. No. 7. On September 19, 2024, this Court adopted the R&R and dismissed the instant case without prejudice as duplicative. Or. Adopting R&R, Dkt. No. 8.

On November 14, 2024, this Court received and entered on its docket Plaintiff's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). Pl.'s Mot. to Alter, Dkt. No. 9. On January 15, 2025, this Court entered a separate judgment on the September 19, 2024 Order adopting the R&R. Jdmt., Dkt. No. 11.

### III. LEGAL STANDARD

Pursuant to Western District of Washington Local Rule 7(h)(1), motions for reconsideration are disfavored and will ordinarily be denied unless there is a showing of: (1) manifest error in the ruling, or (2) new facts or legal authority that could not have been brought to the attention of the court earlier, through reasonable diligence. L.R. 7(h)(1). Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (alteration in original) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478 at 790).

### IV. DISCUSSION

**A. Plaintiff's Motion to Alter or Amend the Judgment is Timely**

Plaintiff's Motion to Alter or Amend the Judgment asks that the Court amend the Judgment to remand Plaintiff's state law claims. Pl.'s Mot. to Alter at 4. Defendants respond that the Motion should be denied as untimely because it was not filed within 28 days of the Court's September 19, 2024 Order adopting the R&R. Defs.' Resp. at 2-3, Dkt. No. 10. However, Defendants misunderstand the time limit imposed by Rule 59(e).

ORDER GRANTING MOTION TO ALTER OR AMEND THE JUDGMENT
- 2

1  "A motion to alter or amend a judgment must be filed no later than 28 days *after the entry
2  of the judgment.*" Fed. R. Civ. P. 59(e) (emphasis added). However, Federal Rule of Civil Procedure
3  58(a) provides that "[e]very judgment and amended judgment must be set out in a separate
4  document," except orders disposing of certain motions. *Id.* R. 58(a). Furthermore, under
5  Rule 58(c)(2), when a separate document is required by Rule 58(a), a judgment is deemed entered
6  when it is entered in the civil docket consistent with Federal Rule of Civil Procedure 79(a), and
7  either set forth on a separate document or 150 days have passed from entry of the judgment on the
8  civil docket, whichever is earlier. *Id.* R. 58(c)(2).

9  Here, the district court was required to set out its Order adopting the R&R in a separate
10 document, which it did on January 15, 2025. *See id.* R. 58(a); Jdmt. As such, Plaintiff's Motion to
11 Alter or Amend the Judgment was filed well within Rule 59(e)'s 28-day deadline.[1] *See* Or. Adopting
12 R&R; Pl.'s Mot. to Alter; Jdmt.; Fed. R. Civ. P. 58(a), (c)(2), 59(e); *see also Lewis v. U.S. Postal
13 Serv.*, 840 F.2d 712, 713 (9th Cir. 1988) (holding that a premature Rule 59 motion which was filed
14 "after the district court's oral announcement of its decision but before there was a written order or
15 separate entry of judgment" is not ineffective).

**B. Principles of Economy, Convenience, Fairness, and Comity Weigh in Favor of Remand**

---

[1] Additionally, Plaintiff is correct that, if the relevant judgment was deemed entered on September 19, 2024, Plaintiff's Motion to Alter or Amend the Judgment would still be timely under the prison mailbox rule. *See* Pl.'s Reply, Dkt. No. 12; Or. Adopting R&R; Pl.'s Mot. to Alter at 5-6 (showing that Plaintiff signed the Motion on October 14, 2024, and that the filing was postmarked on October 17, 2024); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (announcing the prison mailbox rule); *Williams v. Davis*, No. 14-0047, 2015 WL 493807, at *1 (N.D. Cal. Feb. 4, 2015) ("Applying the prison mailbox rule, the Court assumes for present purposes that [Plaintiff] gave his petition to prison officials to mail on the date he signed it . . . ."); *Allah v. Rutledge*, No. 17-1748, 2020 WL 8410446, at *2 (C.D. Cal. Aug. 24, 2020) (applying the prison mailbox rule to a Rule 59(e) motion); *Wilson v. Arizona*, No. 18-01663, 2019 WL 11025895, at *1 (D. Ariz. Apr. 4, 2019) (same).

ORDER GRANTING MOTION TO ALTER OR AMEND THE JUDGMENT

- 3

1    When a federal district court declines to exercise supplemental jurisdiction over state law
2    claims, it has discretion to either dismiss the claims or remand them to state court. *See*
3    *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Harrell v. 20th Century Ins. Co.*, 934
4    F.2d 203, 205 (9th Cir. 1991); *Koontz Coal. v. City of Seattle*, No. 14-0218, 2014 WL 5384434,
5    at *7 (W.D. Wash. Oct. 20, 2014) ("The decision whether to remand to state court is in the court's
6    discretion."). In making such a determination, the court should consider which action will best serve
7    "the principles of economy, convenience, fairness, and comity." *Cohill*, 484 U.S. at 357.
8    Additionally, "remand generally will be preferable to a dismissal when the statute of limitations on
9    the plaintiff's state-law claims has expired before the federal court has determined that it should
10   relinquish jurisdiction over the case." *Id.* at 351-52.

11   Here, Plaintiff argues that principles of economy, convenience, fairness, and comity weigh
12   in favor of remand rather than dismissal. Pl.'s Mot. to Alter at 1-4. Plaintiff asserts that dismissal
13   of his state law claims in this case would bar him from refiling those claims due to the expiration
14   of the statute of limitations. *Id.* at 3. Plaintiff further argues that remanding his state law claims
15   would avoid duplicative litigation efforts and the costs and delays that would result from starting
16   the case anew. *Id.* Given these contentions, the Court finds that the principles of economy,
17   convenience, fairness, and comity weigh in favor of remanding Plaintiff's state law claims, and that
18   remand of those claims is necessary to prevent manifest injustice. *See Cohill*, 484 U.S.
19   at 351-52, 357; *Hodel*, 882 F.2d at 369 n.5.

## V.  CONCLUSION

21   Accordingly, the Court hereby ORDERS as follows:

22   (1)    Plaintiff's Motion to Alter or Amend the Judgment (Dkt. No. 9) is GRANTED.

ORDER GRANTING MOTION TO ALTER OR AMEND THE JUDGMENT

- 4

(2)    The portion of the Court's Order dismissing Plaintiff's state law claims without prejudice (Dkt. No. 8) is VACATED.[2]

(3)    Those state law claims are instead REMANDED to Grays Harbor Superior Court.

(4)    The Clerk of Court shall subsequently enter an amended judgment consistent with this Order, as all remaining issues and claims have been resolved.

(5)    The Clerk of Court is directed to take all necessary action to remand Plaintiff's state law claims to Grays Harbor Superior Court with reference to that court's case number: 23-2-00437-14.

DATED this 23rd day of January 2025.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[2] Plaintiff's state law claims include Counts 4 through 7 of the Complaint. Compl. at 21-27.

ORDER GRANTING MOTION TO ALTER OR AMEND THE JUDGMENT

- 5